```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :
     - v. -                       :    PROTECTIVE ORDER
                                  :
TRISTAN ROWE,                     :
                                  :    21 Cr. 019 (DLC)
              Defendant.          :
                                  :
- - - - - - - - - - - - - - - - - x
```

HONORABLE DENISE L. COTE, District Judge:

WHEREAS the Government intends to produce to TRISTAN ROWE, the defendant, in the above-captioned matter, certain discovery materials that may contain personal identifying information for individuals other than the defendant, including names, places of employment, financial information, and telephone numbers; and

WHEREAS pursuant to Rule 16(d)(1) and Title 18, United States Code, Section 3771, the Government desires to protect the confidentiality of the above-referenced materials, and for good cause shown;

IT IS HEREBY ORDERED:

1. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a

Bates or other label stating "Confidential," shall be deemed "Confidential Material."

    2. Confidential Material disclosed to the defendant, or to his counsel, during the course of proceedings in this action:

    (a) shall be used by the defendant or his counsel only for purposes of this action;

    (b) shall be kept in the sole possession of the defendant's counsel or the defendant;

    (c) shall not be copied or otherwise recorded by the defendant;

    (d) shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 2(e) below;

    (e) may be disclosed only by the defendant's counsel and only to the following persons (hereinafter "Designated Persons"):

        (i) secretarial, clerical, paralegal, investigative, and student personnel employed full-time or part-time by the defendant's counsel;

        (ii) independent expert witnesses retained by the defendant or on his behalf in connection with this action; and

(iii) such other persons as hereafter may be authorized by the Court upon a motion by the defendant;

(f) shall be either (i) returned to the Government following the conclusion of this case, together with any and all copies thereof, or (ii) destroyed together with any and all copies thereof, with defendant's counsel verifying in writing to the Government that such destruction has taken place.

(g) Notwithstanding the foregoing, defense counsel shall not be required to return or destroy any disclosure material to the extent such return or destruction would conflict with any applicable professional or ethical obligation or responsibility of defense counsel.  However, in no case shall the defendant maintain any disclosure material in his possession after the conclusion of his case.

3. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Material."

4. Sensitive Material disclosed to the defendant, or to the defendant's counsel, during the course of proceedings in this action, shall be subject to the conditions applicable to

Confidential Material, with the exception of paragraph 2(b) above.  Sensitive Material may be shown to the defendant, but may not be maintained in the defendant's possession.

      5.   The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom Confidential Material is disclosed pursuant to paragraph 2(e).  Designated Persons shall be subject to the terms of this Order.

      7.   The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action, or to any judge or magistrate of this Court for purposes of this action.

[intentionally left blank]

8. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

                AUDREY STRAUSS
                UNITED STATES ATTORNEY

By: _____
     DINA MCLEOD
     DAVID ABRAMOWICZ
     Assistant United States Attorneys


_____
Tamara Giwa, Esq.
Counsel for Tristan Rowe


SO ORDERED:  January 21, 202

_____
DENISE COTE
United States District Judge